McKAY, J.,
dissents with reasons.
|,I respectfully dissent and would affirm the trial court’s judgment granting HANO’s Rule for Possession.
Despite the majority’s reliance on Stoltz v. Brattleboro Housing Authority, 315 F.3d 80 (2d Cir.2002), I am not convinced that 11 U.S.C. § 525 applies in the context of public housing. Other than the Stoltz, case, there is no indication that it should apply in this type of situation. Furthermore, Stoltz is distinguishable from the instant case because it concerned a discriminatory eviction based solely on pre-petition rent previously discharged.
In the instant case, HANO asserts that its eviction of Mr. Eason was not sought in retaliation, but was done in response to Mr. Eason violating the terms of his lease with HANO. Pursuant to Louisiana Civil Code Article 2704, “[i]f the lessee fails to pay the rent when due, the lessor may, in accordance with provisions of the Title “Conventional Obligations or Contracts,” dissolve the lease and may regain possession in the manner provided by law.” Mr. Eason failed to pay his rent for more than nine months before HANO sought to evict him. When HANO did move to evict him, it did so before he filed for bankruptcy. Clearly, Mr. Eason violated the terms of his lease with HANO and that was the 12cause for his eviction. This cause did not magically disappear because of his bankruptcy. He still violated the terms of his *279 lease and HANO was within its rights to evict him. Accordingly, I would affirm the trial court’s judgment.